UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 21-mj-68 |
| : | |
| SAMUEL CAMARGO, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(2)(A) (Serious Risk of Flight). The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pretrial detention.

**Procedural History and Applicable Authority**

On January 15, 2021, this Court issued an Arrest Warrant pursuant to the filed Complaint charging the Samuel Camargo with one felony count of Civil Disorder (in violation of 18 USC 231(a)(3)), and three additional misdemeanor counts related to unlawful and/or disorderly conduct at the U.S. Capitol Grounds and U.S. Capitol Building. These charges stemmed from January 6, 2021, during the timeframe a joint session of the United States Congress had convened to certify the vote count of the Electoral College of the 2020 Presidential Election. On January 20, 2021, Samual Camargo, hereinafter referred to as the defendant, was arrested in the District of Columbia pursuant to the court's arrest warrant. The government is filing this detention memorandum and

1

is prepared to proceed to argument at the initial appearance scheduled today, January 21, 2021. The government seeks detention pursuant to 18 U.S.C. § 3142 (f)(2)(A) as there is proof by a preponderance of the evidence that the defendant poses a serious risk of flight. Under the Bail Reform Act the Government may proceed by way of proffer. *See*, *e.g., United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996); *United States v. Cabrera-Ortigoza*, 196 F.R.D. 271 (S.D. Cal. 2000); *United States v. Hong Vo*, 978 F. Supp. 2d 41, 42 (D.D.C. 2013). Pursuant to the facts and circumstances presented herein and at the detention hearing, the defendant should be detained.

## ARGUMENT

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification are allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

2

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

On January 6, 2021, the defendant, as shown through his social media positings,

participated at different parts of a rally within Washington, D.C. earlier in the day. Then, as shown through his social media postings, the defendant moved toward the U.S. Capitol and engaged in the unlawful, disorderly, and violent conduct that occurred on the U.S. Capitol Grounds and U.S. Capitol Building. Social media postings made by the defendant show him with a metal piece of an unknown structure from the US Capitol Building or Grounds with the admission that he "got some memorabilia, did it myself." Further videos taken by the defendant as part of an Instagram "Story" show him at the bottom level of the west side steps to the U.S. Capitol, within a large crowd that is waiving multiple banners. The video shows the crowd amassed in the area of the planned Inauguration, with some of the participants on scaffolding that had been set up for the Inauguration. This area is within the U.S. Capitol Grounds. The last video clip of the "Story" shows the defendant at one of the doorways to the U.S. Capitol Building, using his mobile phone to video tape his struggle with the U.S. Capitol Police over opening a door to the U.S. Capitol Building.

The defendant then later posted on social media apologizing for his actions on January 6, 2021 "while at the Capitol in D.C." However, on January 7, 2021, when contacted by an FBI agent about his actions, the defendant admitted that he was in Washington, D.C. on January 6, 2021, that he had returned to his home in Broward County, FL; but then he became uncooperative and questioned the agent's loyalty to the constitution before saying he had no more information to provide. Following this interview, the defendant then posted on social media "Just finished speaking to an FBI agent, I believe I've been cleared."

Based on the defendant's actions on January 6, 2021, the above referenced Complaint and Arrest Warrant were issued on January 15, 2021. A review of the defendant's criminal history

shows only shows one prior arrest related to a misdemeanor matter in Florida. This appears to be the defendant's first felony charge. The charging documents in this case were unsealed, and thus were featured in a newspaper article soon after filing. On January 19, 2020, when law enforcement in Florida sought to effect the arrest warrant in this case, as well as a search warrant of the defendant's premises, the defendant was no longer at his residence. Then, on January 20, 2021, pursuant to an investigation of the defendant's flight following the issuance of an arrest warrant, the defendant was located and stopped within the District of Columbia. During an interview following his arrest, the defendant admitted to knowing about his pending charges. In fact, in spite of knowing that he was wanted in connection with his prior actions at the U.S. Capitol, the defendant decided that he should attempt to attend the Inauguration rather than turn himself into authorities.

## Conclusion

Wherefore, the Court should grant the government's motion to detain the defendant, Samuel Camargo, pending trial because he has demonstrated that he is a risk of flight.


Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney
New York No. 4444188


By:  */s/ Jeffrey N. Poulin*
Jeffrey N. Poulin
WV Bar No. 11437
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.

5

Washington, DC 20530
Phone: (202) 252-2641

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, via email, this 20th day of January, 2021.

_/s/_____
Jeffrey N. Poulin
Assistant United States Attorney