AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Samuel Camargo ) | Case No.   21-mj-68 (ZMF) |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐**(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
       § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐**(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐**(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
       Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
       (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐**(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a)
       through (c) of this paragraph, or two or more State or local offenses that would have been offenses
       described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
       jurisdiction had existed, or a combination of such offenses; **or**
    ☐**(e)** any felony that is not otherwise a crime of violence but involves:
       **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
       **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
     § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to
     Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
     committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
     defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

☐ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision

- ☐ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☐ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties
- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☑ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

## C. OTHER REASONS OR FURTHER EXPLANATION:

The defendant's evidence/arguments for release:

Mr. Camargo emphasized that the Bail Reform Act assumes release in this case, and that releasing any defendant pretrial involves some level of flight risk but the Act only permits detention for a serious flight risk. Mr. Camargo argued that the Government cannot show a serious risk of flight, because there is no indication he has a passport or resources to leave the country, and the charges he faces are predominantly misdemeanors rather than serious felonies. Mr. Camargo also points out that there is no allegation of a firearm or weapon involved here. Mr. Camargo has a bachelor's degree and lives with roommates in a residence without any firearms. After arrest, Mr. Camargo did speak with law enforcement reflecting that he has been cooperative while in custody.

Nature and circumstances of offense(s):

As a result of his unlawful, disorderly, and violent conduct at the U.S. Capitol Grounds and Building, Mr. Camargo is charged with felony civil disorder and three misdemeanor disorderly conduct offenses. Mr. Camargo physically engaged with the capitol police who were protecting the building, and absconded with an unknown piece of metal from the capitol property as what he called "memorabilia." The Court considers this an extremely serious offense that attempted to interfere with the foundation of the democratic process of the United States government. Breaching government buildings is always a serious offense, as it is important that the people who work in them are protected to conduct their essential work. It was even more serious at the crucial moment of finalizing the nation's presidential election. Thus, this factor weighs in favor of detention.

The strength of the government's evidence:

This is the least weighty factor, but here the government's evidence is strong and weighs in favor of detention. "[W]here the evidence of guilt is stronger, the defendant is more likely to flee." *United States v. Kent*, No. 20-cr-209, 2020 WL 7353049, at *4 (D.D.C. Oct. 26, 2020), *aff'd* (Nov. 5, 2020). The government has screen captures from Mr. Camargo's social media postings of Mr. Camargo entering the capitol building and struggling with police and a photo of Mr. Camargo holding the property allegedly taken from the capitol with the caption characterizing it as "memorabilia." Mr. Camargo has also admitted to law enforcement that he had been in Washington, D.C. on January 6, 2021.

The defendant's history and characteristics, including criminal history:

Mr. Camargo has no signifcant criminal history with a single prior misdemeanor arrest, which is credited to his benefit under this factor. But the most significant characteristic in this case is Mr. Camargo's evasive conduct after learning of his arrest warrant. Mr. Camargo admitted to law enforcement after his eventual arrest that he knew he faced a pending warrant. Yet he left his home in Florida where law enforcement attempted to execute the warrant and made a lengthy trip back to the Washington, D.C. area--the scene of his charged crimes--where he was arrested. "Evidence that a defendant had already attempted to flee prosecution would certainly bolster a finding of serious risk of flight. . . .this particular factor [is] one that could tip the balance in favor of detention[.]" *U.S. v. Giordano*, 370 F. Supp. 2d 1256, 1264, 1268 (S.D. Fla. 2005). The Government also alleges that at least one of the social media posts at issue had "been deleted," as opposed to expired, reflecting an attempt to destroy evidence. ECF No. 1-1 at 3.

The defendant's dangerousness/risk of flight:

Consideration of dangerousness does not fit squarely with an analysis of detention based on serious risk of flight, but the Court does have concerns about Mr. Camargo's dangerousness as someone who believed it was legitimate to try to forcibly alter the outcome of a democratic election, and could still believe that and act on it. The fact that he made a return trip to Washington, D.C. on another politically charged day to attend the inauguration supports that possibility. The Court also finds that "the wearing of an electronic device [does not] offer assurance against flight occuring before measures can be taken to prevent a detected departure," so such a condition would not reasonably assure Mr. Camargo's appearance in court to face these charges. *United States v. Townsend*, 897 F.2d 989, 994-95 (9th Cir. 1990).  As such, there are no combination of conditions that justify release.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 01/26/2021                             2021.01.26 01:53:59 -05'00'

United States Magistrate Judge