# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) |
|  | ) Crim. Action No. 21-0070 (ABJ) |
| SAMUEL CAMARGO, | ) |
| Defendant. | ) |

## SCHEDULING ORDER

After considering the matters discussed at the status conference held in this case on May 18, 2023, it is **ORDERED** that the following schedule will apply:

1)  Any **defense motion to dismiss or motion alleging a defect in the indictment**, including those motions identified in Fed. R. Crim. Proc. 12(b)(3)(A) and (B); any **defense motion to suppress statements or evidence**; any **motion for severance of charges or defendants** under Rules 12(b)(3) and 14; and any **motion for change of venue** under Rules 12(b)(3)(A)(i) and 21 **must be filed by July 18, 2023**. The oppositions will be due by August 1, 2023, and any reply is due by August 8, 2023.

2)  The **notice of any evidence the government intends to seek to introduce pursuant to Fed. R. Evid. 404(b)** or **prior convictions it would seek to use for impeachment under Fed. R. Evid. 609** must be filed by August 22, 2023. The oppositions are due by September 5, 2023 and replies are due by September 19, 2023.

3)  **Motions in limine** on behalf of either party must be filed by August 22, 2023. Oppositions are due by September 5, 2023, and replies are due by September 19, 2023.

4)  The parties must jointly file a single **Joint Pretrial Statement** by September 15, 2023.

5)  Electronic and paper copies of all exhibits must be delivered to chambers and to the Deputy Clerk in the format set out below by September 18, 2023.

6)  The **pretrial conference** will be held on September 22, 2023 at 9:30 AM in person.

7) **Jury selection** will take place on September 27 and 28, 2023, beginning at 9:30 AM.

8) **Trial** will commence on October 2, 2023 at 9:30 AM.

Any motion to extend a date for the submission of a pleading to the Court must be filed at least two business days before the date to be extended.

All pleadings must conform to the requirements concerning formatting and fonts set forth in Local Civil Rule 5.1(d).

## JOINT PRETRIAL STATEMENT

The Joint Pretrial Statement must include:

a) a concise **joint statement of the case** for the Court to read to prospective jurors;

b) an **estimate of the number of days** the trial is anticipated to last;

c) a list of all outstanding **motions in limine**;

d) **proposed *voir dire* questions** (which must be in the form of yes or no questions in accordance with the attached description of the Court's Criminal Voir Dire Procedure, and should NOT include follow up questions) that indicate:

   i. the *voir dire* questions on which the parties agree; and

   ii. the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

e) **proposed jury instructions** that indicate:

   i. the instructions on which the parties agree; and

   ii. the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority.

   iii. Any agreed or proposed instructions contained in the Standardized Criminal Jury Instructions for the District of Columbia must not be separately provided but should be identified by number. Any other proposed instructions must be provided to the Court in their entirety and

    should be formatted so that each individual jury instruction begins on a new page, with the source and supporting authority noted at the bottom of the page, followed by any objections and the grounds therefor.

f)   **a list of witnesses or potential witnesses** (to be read to the jury in connection with *voir dire*);

g)   **a list of expert witnesses**, if any, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

h)   **a list of prior convictions**, if any, that the government intends to use for impeachment or any other purpose, followed by any specific objections to that use;

i)   **a list of exhibits** that each party intends to offer in its case-in-chief during trial, **that identifies each exhibit by number and specifies those exhibits to which there is an objection, and the basis for the objection**, e.g., "hearsay," or "F.R.E. 403," without further argument. Exhibits will be presumed authentic unless an objection to their authenticity is noted on the Joint Pretrial Statement. The exhibit list shall be a separate attachment to the Joint Pretrial Statement.

    Any objections on completeness grounds pursuant to F.R.E. 106 must be noted in the exhibit list, and the party seeking to require the introduction of any other part of a writing or recorded statement must provide a copy of the material the party maintains in fairness ought to be considered at the same time on the date the exhibits are delivered to chambers.

    A party may choose to identify additional exhibits it anticipates will be used for purposes of impeachment, but those exhibits should be clearly identified on the list as items the party is NOT seeking to admit in its case-in-chief.

    In order to expedite the trial and the presentation of evidence, it is the Court's intention to rule on the admissibility of as many exhibits as possible at the pretrial conference. The parties will be permitted to refer to exhibits that have been admitted in their opening statements and to use them to question witnesses without marking them for identification and completing the exercise of establishing their admissibility. The only exhibits that will be sent to the jury room during deliberation, though, will be exhibits that have been utilized during the presentation of evidence at trial; even if other

      exhibits were admitted in advance of trial, that process alone would not make them part of the evidence in the case.[1]

j) any **stipulations**, signed by counsel and the defendant;

k) a list of any **matters of which the parties seek the Court to take judicial notice**, along with the proposed language; and

l) **a proposed verdict form**, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson. The verdict form should also be a separate attachment to the Joint Pretrial Statement.

## FORMAT OF EXHIBITS

Counsel for each party must deliver to chambers copies of all exhibits the party will seek to introduce – pre-marked with their exhibit numbers – in electronic form on a thumb drive (or multiple thumb drives) **and** in paper form in a binder (or set of binders) divided by numbered tabs with table of contents for each binder.

A second set of the thumb drives containing the exhibits in electronic form must be delivered to the Court's Deputy Clerk.

For the electronic copies, exhibits must be saved as a separate PDF labeled by exhibit number and short description (for example, Def's Ex. 27, Email of 11/28/2006). For the paper copies, exhibits in binders must be divided by numbered tabs, with a table of contents in each binder.  Binders may not be larger than 3 inches.  Exhibit binders must be labelled on both the front and the spine of the binder with the name of the party, volume number, and the numbers of the exhibits found inside.  (For example: Defendant's Exhibits Vol. I, Ex. 1 – 27).

---

1 With the Court's approval, the parties may agree to forego this requirement in a non-jury trial.

**SO ORDERED**.

*[signature]*
AMY BERMAN JACKSON
United States District Judge

DATE: June 20, 2023