UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA :  | |
| : | CASE NO. 1:21-CR-070 (ABJ) |
| v. : | |
| : | |
| SAMUEL CAMARGO, : | |
| : | |
| Defendant. : | |

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE IMPROPER DEFENSE ARGUMENTS AND EVIDENCE ABOUT LAW ENFORCEMENT**

The United States of America requests the Court issue an order precluding the defendant, Samuel Camargo, from introducing evidence or arguing any of the following: (1) any entrapment by estoppel defense related to law enforcement; (2) any claim that by allegedly failing to act, law enforcement made the defendant's entry into the United States Capitol building or grounds or his conduct therein lawful; and (3) any alleged inaction by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct at the time of the crime.

**ARGUMENT**

**I.   This Court Should Preclude the Defendant from Arguing Entrapment by Estoppel, i.e., that Law Enforcement Allowed the Defendant to Enter the United States Capitol**

Camargo filmed himself on the U.S. Capitol grounds including at one of the doorways to the U.S. Capitol Building. He used his mobile phone to video tape his struggle with the U.S. Capitol Police over opening a door to the U.S. Capitol Building. However, proceeding his arrest, Camargo stated that he never interacted with the police. The defendant should be prohibited from making arguments or attempting to introduce evidence that law enforcement gave permission to the defendant to enter the United States Capitol Building or Grounds.

"To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (emphasis added) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

In *Chrestman*, Chief Judge Howell rejected an entrapment by estoppel argument raised by a January 6 defendant. Although *Chrestman* involved an argument that former President Trump gave the defendant permission to enter the Capitol building, the reasoning in *Chrestman* applies equally to an argument that a member of law enforcement gave permission to the defendant to enter the Capitol building.

> January 6 defendants asserting the entrapment by estoppel defense could not argue that they were at all uncertain as to whether their conduct ran afoul of the criminal law, given the obvious police barricades, police lines, and police orders restricting entry at the Capitol. Rather, they would contend … that the former President gave them permission and privilege to the assembled mob on January 6 to violate the law.
>
> * * * *
>
> Setting aside the question of whether such a belief was reasonable or rational, [precedent] unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute "a waiver of law" beyond his or her lawful authority…. Just as … no Chief of Police could sanction murder or robbery, notwithstanding this position of authority, no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters. Accepting that premise, even for the limited purpose of immunizing defendant and others similarly situated from criminal liability, would require this Court to accept that the President may prospectively shield whomever he pleases from prosecution simply by advising them that their conduct is lawful, in dereliction of his constitutional obligation to "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3. That proposition is beyond the constitutional pale, and thus beyond the lawful powers of the President.

*Chrestman*, 525 F. Supp. 3d 14, 32–33 (some internal punctuation omitted).

Just as a President cannot unilaterally repeal laws, no member of law enforcement could do so either and use their authority to allow individuals to enter the Capitol Building during a violent riot. "[T]he logic in *Chrestman* that a U.S. President cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building." Memorandum and Order, *United States v. Williams*, No. 21-cr-377-BAH, at *2 (D.D.C. June 8, 2022).

Even if the defendant could establish that a member of law enforcement told him that it was lawful to enter the Capitol building or allowed him to do so, the defendant's reliance on any such statement would not be reasonable considering the "obvious police barricades, police lines, and police orders restricting entry at the Capitol." *Chrestman*, 525 F. Supp. 3d at 32. Camargo admitted to the FBI that he had to climb scaffolding while on the U.S. Capitol grounds. The defendant should be prohibited from arguing that his conduct was lawful because law enforcement allegedly signaled that it was.

> II. **This Court Should Preclude the Defendant from Arguing that Alleged Inaction by Law Enforcement Officers Made Their Conduct on January 6, 2021 Legal**

In addition to prohibiting any defense arguments that law enforcement actively communicated to the defendant that entering the Capitol building or grounds was lawful, the Court should also bar the defendant from arguing that any failure of law enforcement to act rendered the defendant's conduct legal. The same reasoning that applied in *Chrestman* again applies here. That is, like the President, a law enforcement officer cannot "unilaterally abrogate criminal laws duly enacted by Congress" through his or her purported inaction. *Chrestman*, 525 F. Supp. 3d at 33. An officer cannot shield an individual from liability for an illegal act by failing to enforce the law or ratify unlawful conduct by failing to prevent it.

"Settled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct." *Williams*, No. 21-cr-377-BAH, at *3; s*ee also Garcia v. Does*, 779 F.3d 84, 95 (2d Cir. 2015) (en banc) (protesting defendants denied the entrapment by estoppel defense after they argued that their prosecuted conduct had been implicitly approved by the police, but could not show that it was "affirmatively authorized" by the police). It should apply the same principle in this case. Accordingly, the defendant should be prohibited from arguing that his conduct was lawful because law enforcement officers allegedly failed to prevent it or censure it when it occurred.

### III. This Court Should Preclude the Defendant from Arguing or Presenting Evidence of Alleged Inaction by Law Enforcement Officers Unless the Defendant Specifically Observed or Was Otherwise Aware of Such Conduct

The government acknowledges that the conduct of law enforcement officers may be relevant to the defendant's state of mind on January 6, 2021. However, unless the defendant shows that, at the relevant time, he specifically observed or was otherwise aware of some alleged inaction by law enforcement, such evidence is irrelevant to the defendant's intent. Federal Rule of Evidence 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable … and the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, if the defendant was not aware of law enforcement's alleged inaction at the time of his entry onto restricted grounds or into the Capitol building (or at the time he committed the other offenses charged in the Indictment), any alleged inaction would have no bearing on the defendant's state of mind and therefore would not meet the threshold for relevance.

Introducing evidence of any alleged inaction by the police is irrelevant, except to the extent the defendant demonstrates that he specifically observed or was aware of the alleged inaction by law enforcement when he committed the offenses charged in the Information. *See Williams*, No. 21-cr-377-BAH, at *3-4.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that this Court preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendant's actions lawful, and any evidence or argument relating to alleged inaction by law enforcement except to the extent that the defendant specifically observed or was otherwise aware of such conduct at the relevant time.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By: /s/ Nialah S. Ferrer

NIALAH S. FERRER
Assistant United States Attorney
New York Bar No. 5748462
United States Attorney's Office
District of Columbia
(202) 557-1490
nialah.ferrer@usdoj.gov