**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | **CR. NO. 21-70 (ABJ)** |
| **SAMUEL CAMARGO** | ) | |

## MOTION FOR BILL OF PARTICULARS AS TO COUNT ONE

Samuel Camargo, through undersigned counsel, through undersigned counsel, respectfully move for a bill of particulars as to the identity of the law enforcement officer or officers who were "obstruct[ed], impede[d], and interfere[d]" with "in the lawful performance of his/her official duties," as alleged in Count 1.  As written, Count 1 does not allege with sufficient particularity the identity of the law enforcement officer or officers, which is needed in order to understand the charges against them and to prepare a defense.

A court may "direct the government to file a bill of particulars" under Federal Rule of Criminal Procedure Rule 7(f). A bill of particulars helps to "ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987); *see also United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (describing bill of particulars as ensuring that charges "are stated with sufficient particularity" to fulfill these purposes). A request for a bill of particulars "properly includes clarification of the indictment." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999).

Count 1 states in relevant part that Mr. Camargo "committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is, an officer from the

United States Capitol, lawfully engaged in the lawful performance of his/her official duties. . . ." ECF No. 7 at 1.

Count 1 conspicuously lacks any indication of the identity of the law enforcement officer that Mr. Camargo is alleged to have obstructed. The indictment does not even make clear which department the officer is from: "an officer from the United States Capitol" is vague enough to arguably include an officer from any department or agency who was working at the United States Capitol that day.

A bill of particulars is also important because of the risk of variance between the information presented to the grand jury that found enough evidence to indict on Count 1 and the misdemeanor offenses and whatever proof the government might produce at trial. As a general rule, an indictment must include a specific statement of the "essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). A variance occurs when "the form of proof at trial [] differs materially from the facts alleged in the indictment[.]" *United States v. Simmons*, 431 F. Supp. 2d 38, 60 (D.D.C. 2006), *aff'd sub nom. United States v. McGill*, 815 F.3d 846 (D.C. Cir. 2016). There were several officers at the Capitol on January 6th.  The grand jury here, for instance, may have concluded there was sufficient information to indict as to interference with Officer X.X., but not Officer Y.Y., after which the government submits as proof at trial the interference with Officer Y.Y. Such a variance would "affect [Mr. Camargo's] substantial rights" because it would "impede[] [his] ability to mount a defense, leave[] him vulnerable to double jeopardy [and] represent[] an unfair surprise." *Id.* (citing Fed. R. Crim. P. 52(a)). Mr. Camargo simply would not be "on notice as to the identity of the alleged victim" and the record would not "contain[] sufficient detail to protect [him] against a second prosecution for the same offense." *Id.* at 61.

For all of the above reasons, Mr. Camargo respectfully requests a bill of particulars as to Counts 1 of the Indictment identifying the victim.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
UBONG E. AKPAN
Assistant Federal Public Defender
625 Indiana Ave., N.W.
Washington, D.C.  20004
(202) 208-7500