UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-CR-70-ABJ |
| v. : | |
| : | |
| SAMUEL CAMARGO, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR BILL OF PARTICULARS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this response to defendant Samuel Camargo's (the "Defendant") motion for a bill of particulars, filed though counsel. *See* ECF No. 66. The Defendant moves under Federal Rule of Criminal Procedure 7(f) for a bill of particulars and makes one request, the identity of the law enforcement officer or officers referenced in Count One of the Indictment. *See* ECF No. 66 at 1-2.

Whether a bill of particulars is appropriate lies within this Court's "sound discretion." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quotation omitted). Exercising that discretion, this Court should deny the motion.

**PROCEDURAL HISTORY**

On February 3, 2021, a grand jury returned a four count indictment charging the Defendant with the following offenses: 18 U.S.C. § 231(a)(3), 2 (civil disorder); 18 U.S.C. §§ 1752(a)(1) and (2) (entering and remaining in a restricted building or grounds and disorderly and disruptive conduct in a restricted building or grounds,); and 40 U.S.C. § 5104(e)(2)(D) (disorderly conduct in a Capitol building). *See* ECF No. 7.

Between on or about February 16, 2021 and the present, the government disclosed, among other things, Facebook search warrant returns, the defendant's social media posts capturing the defendant on the Capitol grounds on January 6, and the defendant's phone extraction. *See* ECF No. 13-1. Between on or about June 23, 2021 to October 21, 2021, the government further disclosed U.S. Capitol Police Closed Circuit Video (CCTV), body worn camera footage, MPD reports and exhibits, USCP Office of Professional Responsibility ("OPR") reports, USCP radio communications and draft transcripts, U.S. Secret Service (USSS) surveillance exterior camera footage, as well as other highly sensitive material of the riot that occurred on January 6. *See* ECF No. 17-1, 32, 33. The government filed discovery letters updating the Court and the Defendant regarding the status of voluminous discovery in this case. *See* ECF No. 13, 17, 32, 33.

## FACTUAL BACKGROUND

The government relies on the statement of facts to set out the factual background relating to the Camargo's actions on January 6, 2021. *See* ECF No. 1. In summary, Camargo attended multiple rallies and joined rioters on the west side of the U.S. Capitol grounds. While Camargo was on restricted grounds, he attempted to gain entry to the U.S. Capitol building through the North Door. While holding his mobile phone to videotape his actions, Camargo struggled with U.S. Capitol Police to open the North Door that led to the North Appointment Desk of the U.S. Capitol building. Multiple U.S. Capitol Police officers were guarding the interior of the North door and stopped Camargo from entering the building. Camargo also proceeded to post a picture of his hand holding a metal piece of an unknown structure from the U.S. Capitol building or grounds with the admission that he "got some memorabilia, did it myself." After the first indictment was

filed, the government also discovered evidence of Camargo spitting on officers on the Upper West Terrace of the U.S. Capitol.[1]

## ARGUMENT

An indictment need only include "a plain, concise, and definite written statement of the essential facts constituting the offense charged," but a court may, in its discretion, "direct the government to file a bill of particulars" clarifying the allegations in the indictment. Fed. R. Crim. P. 7(c)(1), (f). A bill of particulars "ensure[s] that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). It is not required, however, if the indictment "is sufficiently specific, or if the requested information is available in some other form." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the

---

[1] This evidence was disclosed to all parties and the government plans on seeking a superseding indictment before the trial date.

government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same); *see also United States v. Taylor*, 17 F. Supp. 3d 162, 178 (E.D.N.Y. 2014) (bill of particulars "may not be used by the defense as a fishing expedition or to force the government to reveal all its evidence before trial").

Applying this principle, judges of this Court have consistently denied motions for a bill of particulars where, as here, the motion seeks details about the nature of the government's evidence. Thus, for example, in *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017), the Court denied a motion for a bill of particulars requesting information about the basis for fraud and tax charges against the defendant, including the precise representations allegedly made by the defendant and the amount of taxes allegedly owed. The Court explained that the requested information had already been provided to the defendant in discovery and elsewhere, and a "bill of particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case." *Id.*

The Defendant also argues that Count One is not pled with sufficient particularity, thus warranting a bill of particulars. (ECF 78). Respectfully, the Defendant is wrong.

Whether a bill of particulars is appropriate lies within this Court's "sound discretion." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quotation omitted). The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). A bill of particulars should thus be granted only when "necessary to prevent unfair surprise at trial." *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 36-37 (D.D.C. 2000) (internal quotation omitted). If an indictment "is sufficiently specific, or if the requested

4

information is available in some other form, then a bill of particulars is not required." *Butler*, 822 F.2d at 1193; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

Federal Rule of Criminal Procedure 7(c)(1) requires only that the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and that it "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Here, counts one alleges as follows:

> **Count One:** On or about January 6, 2021, within the District of Columbia, Samuel Camargo committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, lawfully engaged in the lawful performance of his official duties, incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely the conduct and performance of any federally protected function . . . in violation of Title 18 United States Code, Section 231(a)(3),

(ECF 7 at 1-2). Count One provides the time and location of the acts alleged, the defendant's identity, identifies the victim as a law enforcement officer, and provides how the defendant committed the alleged acts.[2] (ECF 7 at 1-2). These counts need not be more specific, for either Rule 12 or Rule 7 purposes. "[A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (internal quotation omitted).

---

[2] Federal Rule of Criminal Procedure 7(c)(1) specifically provides that a count may allege that a defendant committed an offense "by one or more specified means." Where a statute may be violated by multiple means, the government may charge the statutory alternatives in the conjunctive (using the word "and"). *Turner v. United States*, 396 U.S. 398, 420 (1970). "[T]he government is entitled to prove criminal acts in the disjunctive, notwithstanding that the indictment charges them in the conjunctive." *United States v. Coughlin*, 610 F.3d 89, 106 (D.C. Cir. 2010).

The only specificity the defendant appears to be seeking—or that they are complaining is lacking—is the name of the officer or officers they are alleged to have assaulted. ECF 66 at 1-3. But the name of the officer is not required in the indictment under either Rule 7 or Rule 12. *See United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018) ("The lack of specific identification of the victims does not make the indictment insufficient."). In *United States v. Melendez-Colon*, for example, the Fourth Circuit held that an indictment charging two counts of assault was not defective for "fail[ing] to name the victim in either count," and "that the indictment's failure to name the victims will not preclude [the defendant] from raising double jeopardy as a defense to any future prosecutions for the assaults." 417 Fed. App'x 320, 321-322 (4th Cir. 2011) (per curiam). And, in *United States v. Figueroa*, another prosecution under Section 111(a)(1), the court rejected a similar Rule 12 argument. No. 14-00672 (SRC), 2021 WL 1661202, at *9 (D.N.J. 2021). The indictment was sufficiently specific by identifying the assault victim as "an employee of the United States, namely Victim 2, an employee of the United States National Park Service." *Id.* Similarly, the Indictment here identifies the victim in both counts one and three as "an officer with the United States Capitol Police." (ECF 7 at 1-2). Such identification sufficiently meets the low threshold required for an indictment and puts the Defendants on fair notice as to the nature of the charges.

The Court should therefore deny the Defendants' motion for a bill of particulars.

## **CONCLUSION**

For all these reasons, the Defendant's motion for a bill of particulars should be denied.

                        Respectfully submitted,

                        MATTHEW M. GRAVES
                        United States Attorney
                        D.C. Bar No. 481052

By: _____
      NIALAH S. FERRER
      Assistant United States Attorney
      New York Bar No. 5748462
      United States Attorney's Office
      District of Columbia
      (202) 557-1490
      nialah.ferrer@usdoj.gov

*/s/ Kaitlin Klamann*
KAITLIN KLAMANN
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
IL Bar No. 6316768
(202) 252-6778
Kaitlin.klamann@usdoj.gov