**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **Case No.   1:21-CR-70-ABJ** |
| **v.** | **:** | |
| | **:** | |
| **SAMUEL CAMARGO,** | **:** | |
| | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO CONTINUE OR VACATE TRIAL DATE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this response in opposition to defendant's motion to continue or vacate the trial date.  *See* ECF No. 91. Without a signed plea agreement, the defendant asks the Court to either vacate or to continue the trial currently set to begin in less than three weeks, with significant pretrial filings due October 25, 2023 – next week… *Id.* at 1.  This motion should be denied.

This case has a long history of rejected plea offers and false starts on guilty pleas. The defendant previously declined all the government's previous plea offers.  Several plea hearings were scheduled and several unopposed motions were filed by defense requesting more time to consider the government's misdemeanor plea offers.[1]  After years of failed plea hearings and negotiations (going as far as signed plea paperwork by the defendant), in May 2023, this Court scheduled this case for trial.  Even after a trial date was set, the government extended another misdemeanor plea offer in July 2023, which the defendant declined.  After the filing of the superseding indictment, the defendant was silent about the possibility of a plea – until two days

---

[1] Plea hearings were scheduled on December 21, 2021; January 19, 2022; February 14, 2022;  June 10, 2022;  and July 7, 2022.  *See* Dkt Report, Minute Entries, 21-CR-70 (ABJ). Defendant filed several motions to postpone hearings. *See* ECF Nos. 31, 37, 38, and 46.

ago, the week before the pretrial statement is due.  Vacating the trial date without a commitment from the defendant as to a guilty plea is premature and will simply place this case in the same posture it was in prior to the trial date – unresolved.  The Court should not continue or vacate the trial based on a mere possibility that the defendant may accept a plea offer.

The defendant also suggests that the continuance is necessary to allow the parties time to "negotiate" and "exchange and finalize any paperwork."  *See* ECF No. 91 at 1. The defendant's motion does not accurately characterize the current status of plea negotiations. When defense counsel first contacted government about a plea two days ago, the government immediately extended an offer to a plea to Count Two, with an offense level of 17 (assuming three levels of credit for acceptance of responsibility).  Defendant initially responded with counter-offers trying to resolve this case to a misdemeanor.  Defendant's most recent proposal (which he did not even commit to accept) was to a guidelines range at least six levels lower than what the government has offered.  Thus, it does not appear that the parties are close to resolving the case.  The government's offer remains open until October 19, 2023.  The Court should not to continue or vacate the trial date when the parties remain far apart in plea negotiations, have not so much as reached an agreement in principle, and in light of the defendant's history of backing out from more favorable plea offers, based simply on the defendant's vague assertion that he wishes to resolve his case.

In addition, this is defendant's second request to continue his trial.  During a pretrial conference on August 31, 2023, defense counsel made an oral motion for a continuance in order to have time to adequately prepare and file pretrial motions.  This Court granted the request and continued the trial to November 6, 2023, giving the defendant an additional 30 days to prepare for trial.  *See* Dkt Report, Minute Entry, August 31, 2023, 21-CR-70 (ABJ).  The defendant has been on notice of trial since May 2023, over 5 months ago.  Absent a signed plea agreement or an

explanation of any extraordinary or unforeseen circumstances, the Court  should not vacate or continue the current trial date.

## **CONCLUSION**

For the reasons set forth above, the government respectfully asks the Court to deny defendant's motion to continue or vacate the trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Nialah S. Ferrer*
     NIALAH S. FERRER
     Assistant United States Attorney
     New York Bar No. 5748462
     United States Attorney's Office
     District of Columbia
     (202) 557-1490
     nialah.ferrer@usdoj.gov

     */s/ Kaitlin Klamann*
     KAITLIN KLAMANN
     Assistant United States Attorney
     601 D Street NW
     Washington, D.C. 20530
     IL Bar No. 6316768
     (202) 252-6778
     Kaitlin.klamann@usdoj.gov