UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-CR-70-ABJ |
| | : | |
| SAMUEL CAMARGO, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM REGARDING "FORCIBLY" UNDER 18 U.S.C § 111(a)(1)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum, pursuant to the Court's order on March 22, 2024 (Minute Order), addressing the definition of the term "forcibly" for purposes of Count Two, which alleges a violation of 18 U.S.C. § 111(a)(1). The government previously addressed this issue, in part, in its Response to Defendant's Motion to Dismiss (ECF No. 96 at 7-13).

### ARGUMENT

The government's proposed jury instructions (ECF No. 102-2) includes the following definition of the term "forcibly" as that term is used in 18 U.S.C. § 111(a)(1):

> A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm up that person acts forcibly. In such case, the threat must be a present one.

This definition of "forcibly" is correct, as established by decades of cases interpreting that term as it is used in Section 111.

For example, in *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017), the First Circuit noted that the element of "force" can be met by a showing of either physical contact with a federal

agent or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death. *Id.* (citing cases). *See also United States v. Walker*, 835 F.2d 983, 987 (2d Cir. 1987) ("As judicially interpreted, the term "forcibly" in § 111 does not mean that force must actually have been used; it is sufficient if force was threatened. *See, e.g., United States v. Giampino*, 680 F.2d 898, 902 (2d Cir. 1982); *United States v. Mathis*, 579 F.2d 415, 418 (7th Cir. 1978). Nor need the defendant actually have touched the officer; the "forc[e]" element of § 111 may be satisfied by proof that there was such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death. See United States v. Bamberger, 452 F.2d 696, 699 n.5 (2d Cir. 1971), [**9] cert. denied, 405 U.S. 1043, 31 L. Ed. 2d 585, 92 S. Ct. 1326 (1972). If the "forc[e]" element is to be established by proof of threats rather than by proof of actual touching, the threat must have been of immediate harm. Thus, we have noted that a mere "'implied threat of the use of force sometime in the indefinite future'" would not suffice to violate § 111. *United States v. Bamberger*, 452 F.2d at 699 (quoting *United States v. Glover*, 321 F. Supp. 591, 595 (E.D. Ark. 1970)").

When force is physically applied to another, the force used need only be minimal. *See United States v. Sommerstedt*, 752 F.2d 1494, 1496 (9th Cir. 1985) ("a defendant may be convicted of violating section 111 if he or she uses any force whatsoever against a federal officer"); *United States v. Fernandez*, 837 F.2d 1031, 1035 (11th Cir. 1988) (same); *United States v. Gass*, No. 96-4209, 1996 U.S. App. LEXIS 20575, at *3 (4th Cir. Aug. 16, 1996) ("No particular level of force is required to prove the offense--only a willful attempt to inflict injury or a threat to inflict injury coupled with a present ability to do so."). *United States v. Alsondo*, 486 F.2d 1339, 1345 (2d Cir. 1973) (lifting hand menacingly as if to shove an officer and then shoving him were two separate

2

acts sufficient to constitute a §111 crime); *United States v. Byrd*, 208 F.3d 592, 596 (7th Cir. 2000) ("But even if the shackles prevented Byrd from actually striking the officers, his threatening 'display of physical aggression' toward them was sufficient to constitute an assault under 18 U.S.C. sec. 111."); *Lucas v. United States*, 443 F. Supp. 539, 544 (D.D.C. 1977) (recognizing that Section 111 "includes the lifting of a menacing hand toward the officer, or shoving him"). And the Eleventh Circuit has held that Section 111 "may be violated . . . by minimal physical contact . . . or even without the presence of any physical contact[.]" *United States v. Hernandez*, 921 F.2d 1569, 1577 (11th Cir. 1991) (citing cases).

In this case, spitting – as it is alleged – would similarly establish force. For example, in *United States v. Frizzi*, the First Circuit affirmed a defendant's conviction under Section 111 for spitting in a mail carrier's face. 491 F.2d 1231, 1232 (1st Cir. 1974). The Court held "that spitting in the face" is a "forcible assault, or, more exactly, a battery falling within the statutory description 'forcibly assaults, resists, opposes, impedes, intimidates or interferes.' Although minor, it is an application of force to the body of the victim, a bodily contact intentionally highly offensive." Several other courts have agreed. *See United States v. Lewellyn*, 481 F.3d 695 (9th Cir. 2007) (holding that intentional spitting is sufficient to represent a simple criminal assault); *United States v. Lehi*, 446 Fed. Appx. 96, 100 (10th Cir. 2011) ("We agree with the district court that spitting is not a de minimus form of physical contact for purposes of §111(a). Spitting is an offensive touching amounting to a common law battery when the spit makes physical contact with the victim."); *United States v. Masel*, 563 F.2d 332, 324 (7th Cir. 1977) (spitting is an offensive touching and constitutes an felony assault).

All in all, the government's proposed definition is legally correct. Indeed, several judges have properly adopted this instruction in the context of January 6 prosecutions, including: *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 30), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 14), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 23), *United States v. Bruno Cua*, 21-cr-107 (RDM) (Dkt Entry 02/10/2023), *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 12), United States v. McAbee, 21-cr-35 (RC) (ECF No. 376 at 19).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Nialah S. Ferrer*
NIALAH S. FERRER
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
NY Bar No. 5748462
(202) 557-1490
Nialah.Ferrer@usdoj.gov

KAITLIN KLAMANN
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
IL Bar No. 6316768
(202) 252-6778
Kaitlin.klamann@usdoj.gov