UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Case. No. 21-cr-70 (ABJ) |
| **SAMUEL CAMARGO** | ) ) ) | |
| **Defendant.** | ) ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES

Under 18 U.S.C. § 111(a), the simple assault of certain officers transforms from a misdemeanor into a felony "where such acts involve physical contact with the victim of that assault."[1]  The government's use of that provision to charge Mr. Camargo with a felony for spitting from a distance towards an officer is both outrageous and legally flawed.  First, as shown in government's exhibit 207 (GE 207), the spittle never made contact with the officer, and the government's suggestion that the Court just assume that some spit touched the officer flouts the beyond-a-reasonable-doubt standard.  Second, even if the government could prove beyond a reasonable doubt that some spittle touched the officer's protective gear, that would not be enough to prove that Mr. Camargo made "physical contact with the victim."

---

[1] Misdemeanor assault can also become a felony where the acts involve "the intent to commit another felony."  18 U.S.C. § 111(a).  For the reasons Mr. Camargo has previously laid out for the Court, the government has failed to prove that the spitting incident involved such an intent.  This filing assumes the Court agrees with Mr. Camargo that the government failed to prove "intent to commit another felony."

1

I. **Contrary to the government's assertion, the Court cannot simply assume that a physical contact took place.**

The government's theory of felony assault is that Mr. Camargo spit from a distance at an officer, making physical contact with her. At trial, the government introduced 9 still frames, GE207F to GE207N, stating that in those photographs, it appeared that spittle made contact with the officer. Their theory quickly unraveled on cross-examination: the witness testified that she only believed that spittle contacted her after watching GE207, and the witness admitted that, after a frame-by-frame review of GE207, the spittle actually flew past her. That should be the end of this theory—the government failed to prove beyond a reasonable doubt that Mr. Camargo's spit made physical contact with an officer.

Remarkably, at closing, the government argued that the Court should simply *assume* that some spittle touched the officer's jacket as it flew past her. But physical contact is an element of the offense, and accordingly must be found beyond a reasonable doubt by the trier of fact. *See, e.g.*, *United States v. Lincks*, 447 F. App'x 943, 945 (11th Cir. 2011) (vacating § 111(a) felony assault conviction where "jury was not required to find physical contact . . . beyond a reasonable doubt"); *United States v. Bingert*, No. 1:21-CR-91-1-RCL, 2023 WL 3613237, at *3 (D.D.C. May 24, 2023) (noting that government much prove "beyond a reasonable doubt" that "the defendant made physical contact with that person or acted with the intent to commit another felony"). Thus, even if the Court thinks it is plausible or likely that some spit touched

2

the officer, that is not enough.  The government must prove a specific contact beyond a reasonable doubt.

Perhaps the government could have attempted to prove a specific, particular physical contact based on the angle, velocity, weight, or other features of the spittle, the environmental conditions, and the presence or lack of other items flying in the air, arguing that physics proves beyond a reasonable doubt that some of the spittle *must* have touched the officer.  The government, of course, made no such effort at trial, which would have required expert testimony.  Instead, the government asks the Court to assume that an element of the offense was met without providing sufficient information with which the Court could make that finding beyond a reasonable doubt.

**II.    Even if some miniscule amount of spittle touched the officer's protective gear, that indirect interaction does not qualify as "physical contact."**

Under the plain meaning of the phrase "physical contact," even if some spittle fell on the officer's jacket, that would not suffice to turn this minor event into a felony. While the word "physical" has several definitions, the most natural definition here is "of or relating to the body."[2]  Another definition indicates that "physical" can mean "having a material existence: perceptible especially through the senses and subject to

---

[2]  *See* Physical, *Merriam-Webster*, at https://www.merriam-webster.com/dictionary/physical; *see also* Physical, Dictionary.com, at https://www.dictionary.com/browse/physical ("of or relating to the body"); Physical, Black's Law Dictionary (11th ed. 2019) ("Of, relating to, or involving someone's body").

the laws of nature."³ And the dictionary defines "contact" as the "union or junction of surfaces."⁴ Putting together those definitions, the plain meaning of "physical contact" requires some touching of the complainant's body by the offender. Accordingly, when courts address the "physical contact" requirement under § 111(a), they ask whether the defendant successfully touched the victim. *See, e.g.*, *United States v. Cua*, 657 F. Supp. 3d 106, 118 (D.D.C. 2023) (noting that if a defendant swung his fist and missed, "he would be guilty of a misdemeanor," not a felony); *United States v. Chapman*, 528 F.3d 1215, 1219 (9th Cir. 2008) ("[S]omeone who punched an arresting officer would be guilty of a felony, but someone who threw a punch and missed would be guilty of only a misdemeanor.").⁵

---

³   *See* Physical, *Merriam-Webster*, at https://www.merriam-webster.com/dictionary/physical; *see also* Physical, Black's Law Dictionary (11th ed. 2019) ("Of, relating to, or involving material things; pertaining to real, tangible objects.").

⁴   *See* Contact, *Merriam-Webster*, at https://www.merriam-webster.com/dictionary/contact; *see also* Contact, Dictionary.com, at https://www.dictionary.com/browse/contact ("the act of state of touching").

⁵ For the reasons given in Mr. Camargo's prior filings, he maintains that, because of the use of the word "forcibly" in the statute, "more than mere indirect physical contact or offensive touching" is required. Dkt. 143 at 2; *see also* Dkt. 112 at 7 ("[B]ecause § 111(a)(1), properly interpreted, requires the force used to be more than the merest touching, Mr. Camargo's conduct in allegedly spitting on an officer was not a crime."); Dkt. 86 at 5 ("At best, spitting falls into the category of the merest touching. Therefore, it cannot satisfy the definition of 'forc[eful] assault.'"). For purposes of this filing, however, Mr. Camargo assumes that the Court is still convinced that "the slightest offensive touching" qualifies as "force" under the statute. *See* Dkt. 114 at 6 (internal citation omitted).

Here, the spittle did not touch the officer's body: it either missed the officer entirely or, at most, touched some part of her protective, tactical riot gear so lightly that her body did not feel it. Indeed, the officer testified on cross-examination that she did not know at the time whether Mr. Camargo's spittle made contact with her. Accordingly, because Mr. Camargo never made contact with the actual body of the victim, the plain meaning elements of "physical contact with the victim" are not satisfied.

There are, of course, cases in which an offender will contact an individual's body through their clothing or gear. Take, for example, an offender who shoots an officer and the bullet is caught in a vest or an offender who hits an officer's helmet, knocking out the officer. In those cases, the force of the offender's physical contact moves beyond the external item to reach the victim's body. In other words, the victim feels the force of the physical contact. In such a case, it is sensible to conclude that the offender touched the victim's body via an external item. *See, e.g.*, *United States v. LaRoche*, 83 F.4th 682, 690 (8th Cir. 2023) (concluding there was sufficient evidence of "physical contact" because the victim "testified there was painful contact that required medical treatment").

But where the offender did not touch the victim, and where the victim could not feel the offender's contact, there is no "physical contact *with the victim*." This distinction both fits the plain meaning of the phrase and is necessary to avoid absurd results. Imagine, for example, that a defendant breathed on an officer's clothes, such

that some water molecules contacted her clothing. Or that an individual gently brushed an officer's bike, but the officer did not feel it. Or that someone blew bubbles at an officer that popped upon touching her uniform. Or that a protester stuck a sticker on an officer's backpack without causing the officer to feel anything. Or that an individual blew cigarette smoke at an officer wearing a gas mask. Or that an individual spit on the ground in front of an officer, causing some spittle to touch his boots. In those cases, the offender neither touched the officer's body nor caused the officer to feel anything, placing that conduct outside the plain meaning of the phrase "physical contact with the victim."[6] Even if the water molecules, bubbles, or smoke made contact with the officer, "physical contact" for felonious assault must entail material or sufficient contact. That is simply not the case here.

As another example, in the context of this case, the scene as Officer Vandayburg testified was chaotic. Body-worn camera footage showed several individuals yelled expletives in officers' faces and pointed at officers. One could imagine that in those instances, the individuals forcefully yelling at officers in their faces made "physical contact" with the officer's protective gear through their breath

---

[6] Counsel for defendant has struggled to find a case in which a court considered a contact that was (1) not with the victim's body, but with something she was wearing or holding; and (2) was so light and minimal that the victim could not have possibly felt the contact. One has to imagine that the federal government would not charge such behavior as a federal felony in the normal course, speaking again to how egregious the government's charging decision was in this case.

or spittle. It would defy logic if they were prosecuted and convicted of felony assault for causing their breath or spittle to make contact with the officers.

The cases cited in this Court's prior order are not to the contrary. *See* Dkt. 114 at 6-7. In each case, the defendant spat directly into the officer's *face*, constituting a substantial direct bodily contact with the victim. *See United States v. Lehi*, 446 F. App'x 96, 100 (10th Cir. 2011) ("Mr. Lehi spit directly into the face and eyes of a federal officer."); *United States v. Stoddard*, 407 F. App'x 231, 234 (9th Cir. 2011) ("[T]he spit actually hit the officer in the face."); *United States v. Frizzi*, 491 F.2d 1231, 1232 (1st Cir. 1974) ("We do not think it could be ruled that spitting in the face is not forcible assault.").[7] Accordingly, in those cases, the victim's body felt the full force of the spit as it made contact. The location of contact was identifiable. The officer's awareness was defined. The potential for injury was clear. That is simply not what happened here.

The government has alleged that, at most, a few droplets of spit landed on the outside of a heavy, waterproof tactical jacket. The officer did not even register the alleged contact, and there is no suggestion that her body did or could have felt that

---

[7] Notably, at least one court of appeals has acknowledged that the question of whether spitting on someone constitutes a "physical contact" is debatable. *See United States v. Gagnon*, 553 F.3d 1021, 1027 n.7 (6th Cir. 2009) ("We also leave aside for another day the less timeless but no less profound question whether—assuming spitting alone could constitute an assault—a successful spit (one that hits its intended target) creates sufficient 'physical contact' under our construction of § 111 to elevate lugie-hurling from misdemeanor 'simple assault' into being a felony under the 'all other cases' clause.").

contact through her gear.  Where the contact is neither with the body of the victim nor strong enough to be felt by the victim's body through an external object, that interaction does not qualify as a "physical contact with the victim" under the plain meaning of that phrase.

                                          Respectfully Submitted,

                                          A.  J. KRAMER

                                          Federal Public Defender for the
                                          District of Columbia

                                          by:_____s/_____
                                          Kate Adams
                                          Ubong E. Akpan
                                          Molly Runkle
                                          Assistant Federal Public Defenders
                                          625 Indiana Avenue, NW
                                          Washington D.C. 20004
                                          202-208-7500